## Daniel Bitzer

*v.*

## Michael Orban.

1. Sale—*rights of parties on rescission.* Where lots were sold, the purchaser paying a part of the price, giving his notes for the balance, and received a bond for a good and sufficient deed on full payment, and went into possession, removed a house from one of the lots, and a fence, and dug up the soil for making brick, and the vendor, when the last note matured, tendered him a warranty deed and demanded payment, which was refused, the vendor not being able at the time to make a good title, and he afterwards conveyed the lots to another, it was *held*, that as the vendor was not in a position to declare a forfeiture, the vendee had a right to recover back what he had paid, with interest, against which the vendor could set off the value of the building and fence, the value of the use and occupation of the premises, and for digging up the soil, and for any other damage he might have sustained.

2. Where the vendor of land not conveyed rescinds the contract by conveying to another, for non-payment, he having first tendered a conveyance, when he can not make the title agreed to be made he will be liable to refund any payments made to him, with interest; but if the vendee has had the use of the premises, and damaged the same, the value of the use of the property, and the damage done, may be set off against the vendee's claim.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

Messrs. NŒTLING & HALBERT, for the appellant.

Mr. JAMES M. DILL, and Mr. W. C. KUEFFNER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal, from the circuit court of St. Clair county, from a judgment rendered in an action of assumpsit, wherein Michael Orban was plaintiff and Daniel Bitzer defendant.

The controversy arose out of a land transaction, in which appellant had sold to appellee two lots in the town of Lebanon, for the stipulated sum of six hundred and twenty-five dollars, a portion of which, two hundred and twenty-five dollars, was paid in cash, and notes given for the balance, and a bond for a good and sufficient deed delivered to appellee. Appellee went into possession, and removed a building from one of the lots, and a fence, and dug up a part of the lot preparatory to making brick. At the maturity of the notes, appellant demanded payment, and tendered a warranty deed, which appellee declined to accept, saying, he had no money. Soon after, appellant sold the property to another party. The suit is brought to recover the purchase money paid, and interest, and the result was a verdict for plaintiff for fifty dollars, and judgment thereon, to reverse which the defendant appeals.

Several points are made in the cause, which we have considered.

We are inclined to the opinion, when appellant tendered a deed to appellee, which he declined to accept, and a forfeiture afterwards declared by appellant, by a sale and conveyance to Segur, that appellant had not, at that time, a title to the premises sufficient to authorize him to forfeit the contract for the non-payment of the balance of the purchase money. He had a mere equity, depending upon Nichols, who held the certificate of sale.

This being so, appellee had a right to recover back such portion of the purchase money as he had received, with interest, against which appellant could set off the value of the

building removed by appellee, the value of the use and occupation of the premises for thirteen months, the removal of the fence, digging up the soil, and any other damage the premises may have sustained.

In looking at the testimony on this branch of the case, we are of opinion it establishes a greater amount in favor of appellant than the purchase money and interest would come to. Appellee is not entitled to anything, under the evidence. There is a strong preponderance of evidence to the effect, that the building removed, the use and occupation, the removal of the fence and breaking up the soil, exceeded in value by near one hundred dollars the entire claim of appellee for money paid and the interest thereon. The evidence required the jury to find for the defendant.

The motion for a new trial should have been allowed. It was error to refuse it, and for the error the judgment is reversed, and the cause remanded that another trial may be had.

*Judgment reversed.*